IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Nikol S Gerou and
Kenneth R Gerou,

Case No. 24-20042-beh
Chapter 7

Debtors.

**ORDER DENYING MOTION TO RECONSIDER FILING BAR**

On July 16, 2024, the Court barred Nikol and Kenneth Gerou from filing a new bankruptcy case for one year. ECF No. 61. The bar order was a result of a motion filed by the United States Trustee, seeking an order simultaneously dismissing the case and temporarily barring the debtors from refiling another bankruptcy petition. ECF No. 56. In resolving the motion, the Gerous, represented by counsel, stipulated that they had filed schedules which failed to disclose certain property and transfers, certain current and pre-petition employment, and a business. ECF No. 56-1. Accordingly, the debtors agreed that cause existed to dismiss their Chapter 7 case and that the imposition of a twelve-month bar against filing a new bankruptcy case was warranted. *Id.*

Earlier, on June 2, 2022, Kenneth and Nikol Gerou had filed a Chapter 13 case, which was dismissed on November 17, 2022, for failure to make Code-required (and court-ordered) payments. *See* Case No. 22-22450, ECF Nos. 95, 98 & 102. One month later, on December 22, 2022, the Gerous filed a Chapter 11 case. They voluntarily dismissed that case on July 19, 2023, before any plan could be confirmed. *See* Case No. 22-25582, ECF Nos. 187 & 205. Then on January 5, 2024, Nikol and Kenneth Gerou filed this case, which failed after six months.

On July 2, 2025, the Gerous filed, pro se, an "Emergency Motion to Shorten the One-Year Bar, in the Matter of the Gerou Family Legacy Trust."

ECF No. 71.[1] In their request, the Gerous seek to shorten the agreed-to-bar order "due to emergent and inequitable harm that will occur absent timely relief . . . to preserve the subject matter of an irrevocably formed trust . . . [which] holds perfected equitable title, formed on January 1, 2025, after prior lawful tender, notice and subrogation were complete." *Id.* at 12. They want to file another bankruptcy case before expiration of the bar period to obtain, as they describe:

> [L]awful discharge, but also the preservation of significant equitable interests arising from:
> 
> ☐ The foreclosure of our primary residence, which was tendered for in full through lawful redemption and subrogation;
> ☐ The wrongful foreclosure of multiple business properties, including licensed care facilities whose destruction caused cascading financial harm;
> ☐ The formation and operation of a private irrevocable trust (The Gerou Family Legacy trust), which now holds the affected property in equity.

*Id.* at 1 (formatting altered). They contend that "without relief from the Court, we face a catastrophic forfeiture of the property . . . with no opportunity for redress." *Id.* at 3.

Part of the problem, as the Gerous see it, is "the chronic failure of the . . . circuit court to acknowledge and respond to lawful tenders and notices made in accordance with established equity principles." *Id.* at 4. They further state:

> Despite lawful and timely filings to the lower court, including notices, affidavits, and motions, the court has remained silent.
> 
> ☐ No hearing was set.
> ☐ No orders were entered.
> ☐ No rebuttal or review occurred.
> 
> This constitutes estoppel by silence, constructive acquiescence, and judicial default in equity. Hallbach Jr. affirms that equity

---

[1] The trust beneficiaries apparently include the Gerous, their five children, "unborn grandchildren" and their "dependent companion animals: two dogs and one cat." *Id.* at 12.

> cannot permit harm or forfeiture when conscience has been
> invoked and remedy sought.

ECF No. 71, at 6 (formatting altered). As support for their request, the Gerous cite "the natural and equitable laws of conscience as affirmed by Scripture, the 1776 Constitution of the United States of America, and the exclusive jurisdiction of equity as preserved by foundational authorities including Gibson, Sheldon, Hallbach Jr., Pomeroy, Story, and the King James Bible." *Id.* at 5. But they supply no authority from the Bankruptcy Code, other federal law, or state law.[2] While the Gerous did not serve any creditors with their request, the U.S. Trustee, Chapter 7 trustee and other interested parties likely received notice via the electronic case filing system (ECF).

No party has filed a response to the Gerous' request. Nonetheless, it is the Court's role to exercise its discretion and determine whether the Gerous have stated cause to give them early relief from the bar order. Federal Rule of Civil Procedure 60 applies in a bankruptcy case. *See* Fed. R. Bankr. P. 9024. Rule 60(a) allows the Court to correct a judgment or order based on a clerical mistake, oversight or omission. The Gerous do not assert any of those bases.

Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied . . . or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[2] A reference to the "natural and equitable laws of conscience as affirmed by . . . the 1776 Constitution for the United States of America" does not amount to an argument under a specific provision of the U.S. Constitution.

A careful reading of the Gerous' submission shows that they are not making any assertions that their circumstances qualify for relief under subsections (1) through (4) of Rule 60(b). It may be that they are implicitly invoking Rule 60(b)(5)—i.e., arguing that "applying (the bar order) prospectively is no longer equitable." But the Court finds that fulfilling the 12-month term of the bar order is not inequitable.

First, the Gerous fail to address why the Court entered the bar order. Courts may impose bars to refiling where "necessary or appropriate to . . . prevent an abuse of process." 11 U.S.C. § 105(a); *In re Dempsey*, 247 F. App'x 21, 25 (7th Cir. 2007). Courts have imposed bars where the debtor is "demonstrably ineligible to receive bankruptcy relief,"[3] a new filing would serve "solely to further delay the Sheriff's sale of [collateral property],"[4] the debtor has repeatedly filed bankruptcy "without intending to prosecute those cases through plan confirmation, completion, and discharge,"[5] or the debtor has filed the case to "delay and hinder" a creditor while retaining valuable property at that creditor's expense.[6] As this Court has said,

> Saving one's home is, for many persons, a valid reason to file a bankruptcy case. That validity dims as successive cases are dismissed and re-filed, without payment to creditors and without full required disclosures. The initial validity evaporates in the face of a deliberate pattern of Code manipulation, false statements and outright flaunting of court orders.

*Gibas*, 543 B.R. at 601. Nothing presented in the Gerous' recent motion undercuts the basis for imposition of a 12-month bar to filing a new bankruptcy case. The Gerous agreed that they had failed to disclose various assets, employment, and transfers when filing the present case. Such deficits warrant consequences, which can include waiting a set period of months before

---

[3] *In re Dempsey*, 247 F. App'x 21, 25 (7th Cir. 2007) (eight consecutive denied Chapter 13 plans showing debtor clearly could not afford to be in Chapter 13).

[4] *Id.* at 25.

[5] *In re Gibas*, 543 B.R. 570, 600 (Bankr. E.D. Wis. 2016).

[6] *In re Mendiola*, 573 B.R. 758, 763 (Bankr. E.D. Wis. 2017).

becoming eligible to file another bankruptcy case. The Gerous have had two other unsuccessful bankruptcy cases in the last 30 months where they failed to make payments, *see* Case No. 22-22450, or in the most recent, where they voluntarily sought dismissal after the automatic stay had been terminated and they conceded an inability to reorganize. *See* Case No. 22-25582, ECF Nos. 187 & 201, at 2. At this point it is difficult to conclude that the Gerous would have been able to prosecute any of those three cases to confirmation. *See Gibas*, 543 B.R. at 600. And, if the Court understands what the Gerous are saying about wanting to redeem property that has been the subject of foreclosure, that in itself does not warrant an early lift of the bar order. *See In re Dempsey*, 247 Fed. App'x at 25.

As far as new circumstances upon which the Gerous make their argument for "urgent" and "equitable" treatment, the statements filed along with their letter-motion supply no evidence. There are references to (presumably state) court actions and inactions, but the Gerous provide no certified copies of judgments or other information about a specific case. Even so, to the extent they are unhappy with state court orders, this Court cannot sit in appellate review of those orders. Consequently, there is no equitable reason under Rule 60(b)(5) to lift the bar order early.

Perhaps the Gerous are arguing for relief based on Rule 60(b)(6)—"any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only in 'extraordinary circumstances,'" *Brawn v. Village of Palatine*, 56 F.4th 542, 554 (7th Cir. 2022) (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)), and only when Rules 60(b)(1) through (5) are inapplicable, *Kemp v. United States*, 596 U.S. 528, 533 (2022). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. *Buck*, 580 U.S. at 123. These may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 864 (1988).

At the outset, as the Court already has assessed the Rule 60(b)(5) basis and found no equitable reason to lift the bar order now, *Kemp* may foreclose the Court from moving to assess the Gerous' request under Rule 60(b)(6). Nonetheless, a brief discussion follows.

The Gerous sketch some outline of threatened completion of a foreclosure proceeding without supplying precise facts or dates. But an inability to avoid a foreclosure sale can be one of a number of consequences of the conduct that resulted in a 12-month bar order. *See In re Scheib*, 620 F. App'x. 77 (3d Cir. 2015) (holding that the bankruptcy court did not abuse its discretion in not extending its jurisdiction to address a post-bankruptcy foreclosure of the debtor's property, which the debtor had unsuccessfully pursued in state court). Moreover, shortening the bar order here would dilute its deterrent effect.

Last, the Court is concerned that the Gerous believe an immediate filing of a new bankruptcy case would somehow undo (unspecified) judgments or orders from a state court. But a bankruptcy court may not conduct what amounts to appellate review of state court orders. *See e.g., In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (citing 28 U.S.C. §§ 1257, 1331, 1332); *In re Jakubiak*, 591 B.R. 364, 372 (Bankr. E.D. Wis. 2018) (Halfenger, J.) ("Relief from an erroneous state-court judgment must be pursued by appeal, not in a new federal-court proceeding."). Narrow limitations to that rule include where a state court order violates a bankruptcy order imposing the automatic stay or entering a discharge injunction. *Jakubiak*, 591 B.R. at 372. Those exceptions are not present here: there is no automatic stay in place in the Gerous' currently dismissed case, nor did they receive a discharge.[7]

---

[7] *See generally Homer-Radtke v. Associated Mortgage (In re Homer-Radtke)*, 305 B.R. 846 (Bankr. N.D. Ill. 2004) (holding that the bankruptcy court lacked jurisdiction to consider Chapter 7 debtor's adversary proceeding seeking to determine that state court foreclosure and quiet title judgments were allegedly void on due process grounds).

To the extent the Gerous' current filing also asks this Court to make determinations of state law,[8] the Court declines to do so. Whether the Court even would have jurisdiction to entertain such requests during the normal course of a bankruptcy proceeding is not a question the Court needs now answer.

For these reasons, IT IS ORDERED that debtors' request to shorten the 12-month bar against filing a new bankruptcy case is DENIED.

Dated: July 10, 2025

By the Court:

Beth E. Hanan
United States Bankruptcy Judge

---

[8] *See* ECF No. 71, at 4 (asking the Court to "[a]cknowledge the existence and lawful formation of The Gerou Family Legacy Trust – an Irrevocable Trust"; "[r]ecognize the assignment of W290N4595 Tolbert Lane as trust res"; "[a]ccept the record of equitable redemption, subrogation, and perfected interest as cause to preserve equity"; and "[e]xtend equitable relief and mercy to protect trust-res property from unjust forfeiture").